KOEHLER, Respondent, vs. KOEHLER, Appellant.

*September 26 — October 20, 1899.*

*Evidence: Contracts: Foreign language.*

1. In an action upon an alleged agreement by a father to pay an adult daughter $1,000 if she would stay at home and work until her brother married, it was a material error to permit the plaintiff to testify to the effect that three years before the making of the contract sued on her father promised her $1,000 or men's wages if she would stay and work, and that she worked three years without pay on the strength of such promise.

2. In an action on an oral contract made in German, it was not error to refuse to permit a witness who had testified to the terms of the contract to state in German what the defendant said, where there was no claim that any German words of doubtful meaning or capable of two constructions were or might have been used, and it did not appear that any one was present at the trial capable of translating the German words to be elicited.

Koehler vs. Koehler.

APPEAL from a judgment of the circuit court for St. Croix county: R. G. SIEBECKER, Judge. *Reversed.*

This is an action to recover for personal services rendered by the plaintiff to the defendant. It appeared from the evidence that the defendant was a man of seventy-five years of age at the time of the trial of the action, and had lived for many years on a farm in St. Croix county, Wisconsin, with his family, which consisted of his wife, one son, Charles, and two daughters, one of whom was the plaintiff. At the time of the trial the son was thirty-six years of age, and the plaintiff twenty-nine, and the other daughter twenty-seven years of age. In the fall of 1896 the defendant and his wife had troubles which resulted in the breaking up of the family and a divorce, and the mother and the two daughters went to Stillwater to reside, and have since resided there. The complaint alleges that on or about February 1, 1892, the plaintiff agreed with her father, the defendant, to work upon the farm for him until her brother, Charles, should marry, for the sum of $1,000; that Charles was married May 14, 1895, and that she worked for the defendant until such marriage; and that no part of the $1,000 has been paid. The answer was a general denial and an allegation of payment. There was evidence from the plaintiff and several witnesses tending to show that the contract was made as alleged by the plaintiff; and the defendant admitted that he agreed to pay the plaintiff $1,000 if she would stay at home and work upon the farm, but that the sum was not to be paid until after his death. The fact that the brother, Charles, was married in May, 1895, was not denied. A verdict for the plaintiff for the full amount of her claim was rendered, and from judgment thereon the defendant appeals.

For the appellant there was a brief by *W. F. McNally,* and oral argument by *F. M. White.*

For the respondent there was a brief by *John W. Bashford* and *A. J. Kinney,* and oral argument by *Mr. Kinney.*

WINSLOW, J.   The controlling issue in this case, as developed by the testimony, was whether the defendant, in February, 1892, agreed with the plaintiff that if she stayed at home and worked until Charles should marry he would pay her $1,000, or whether the agreement was simply that if she stayed at home and worked she should have $1,000 after her father's death.   There was evidence tending to prove both of these claims.   The plaintiff was allowed, however, to testify to a separate and distinct promise made by her father, as she claims, three years before the contract sued on, to the effect that if she stayed at home and worked he would pay her $1,000, or men's wages, and that she stayed and worked up to February, 1892, on the strength of this promise.   This testimony was duly objected to as incompetent, irrelevant, and immaterial, and exception taken to its admission.

We do not see how the admission of this evidence can be justified.   The evidence so admitted did not tend to show that the contract sued on was made at a different date from that alleged, but it tended to show another and different contract, made three years earlier, and carried out by the plaintiff, as substantive proof of the alleged later contract sued on.   This was certainly erroneous, unless it can be said to be harmless.   It seems very probable that the fact that the plaintiff had worked for three years without pay under a previous contract might appeal strongly to the feelings of a jury in determining the question whether the later contract was made in the form claimed by the plaintiff.   At least, we cannot say that the jury would not be influenced by this improper testimony, and hence we cannot say that the error was harmless.

The talk between the parties at the time the alleged contract was made was conducted in the German language, and a witness who had testified to the terms of the contract was asked to state in German what the defendant said.   An objection to this evidence was sustained, and this ruling is now

alleged as error. We find no error. It was not claimed that any German words of doubtful meaning, or capable of two constructions, were or might have been used, nor did it appear that any person was present upon the trial capable of translating the German words which the witness might give in the answer to the question. Certainly, under these circumstances, there was no error.

Other rulings are complained of, but we have found none other which would necessitate reversal of the judgment, and it does not seem necessary to state them.

*By the Court.*— Judgment reversed, and action remanded for a new trial.